

FILED

JUL 17 2015

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ZACHARY SIMS,

    Plaintiff,

v.

SYNCHRONY BANK f/k/a GE Capital Retail Bank; and DOES 1-10

    Defendants.

Civil Case No.: 3:15-CV-306
VARLAN / GUYTON

**COMPLAINT**
**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action arises out of Defendant Synchrony Bank's ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") as well as Defendant's intrusion upon Plaintiff Zachary Sims' ("Plaintiff") seclusion.

2. Over a two month period – from approximately May 1, 2015 through July 8, 2015, Defendant called Plaintiff's cellular telephone over 200 times in an attempt to collect a debt that Plaintiff allegedly owes.

3. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1). Furthermore, many of these calls were made using a prerecorded voice.

4. These calls were so persistent as to have invaded Plaintiff's privacy by intruding upon his seclusion, causing actual damages and entitling Plaintiff to an award of punitive damages.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. The court has supplemental jurisdiction over Plaintiff's "Invasion of Privacy" claim pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District. Venue is additionally proper because Plaintiff currently resides in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Tennessee. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9. Defendant Synchrony Bank is, and at all times mentioned herein was, a corporation headquartered at 170 West Election Road Suite 125, Draper UT 84020. Defendant conducts significant business in Tennessee and nationwide.

10. Defendant Synchrony Bank, is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

11. Does 1-10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTS

12. Beginning on May 1, 2015, and continuing through July 8, 2015, Defendant placed over 200 calls to Plaintiff's cellular telephone, number 865-XXX-7397.

13. These calls originated from Defendant using the number 866-771-1104.

14. While Plaintiff missed the first of these calls on May 1, during the second call, on May 2, 2015, Plaintiff told Defendant in no uncertain terms to stop calling him.

15. Plaintiff's request was ignored, and over the next two months, Defendant placed more than 200 phone calls to Plaintiff's cellular telephone.

16. These calls came in as frequently as six times per day, as early as 8:12 AM and as late as 8:52 PM.

17. These calls were regularly and predictably spaced each day, suggesting a planned and calculated strategy of harassment with respect to Plaintiff's alleged debt. Generally speaking, Plaintiff would receive:

- One call between 8:00 AM and 9:00 AM
- A second call between 9:00 AM and 10:00 AM
- A third call between 10:00 AM and 1:00 PM
- A fourth (and sometimes fifth) call between 1:00 PM and 6:00 PM
- A fifth (and sometimes sixth) call after 6:00 PM

18. The calls also did not stop on holidays or weekends:

- Plaintiff received five calls on Memorial Day (8:28 AM, 9:39 AM, 11:31 AM, 5:37 PM, 8:34 PM).
- Plaintiff received five calls on the Fourth of July (8:30 AM, 10:00 AM, 12:39 PM, 2:19 PM, 3:49 PM). Over the entirety of the Fourth of July Weekend (July 3-July 5), Plaintiff received 13 telephone calls.

19. Remarkably, during the two-week period from May 17, 2015 through May 31, 2015 alone, Plaintiff received approximately 74 calls.

20. All of these calls were made using an "automatic telephone dialing system" as

defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. On each of these calls, when Plaintiff answered, he was greeted by a period of silence, typically followed by an audible click/beep before Defendant's system would connect Plaintiff to a live representative. This behavior is indicative of an automatic telephone dialing system.

22. In addition, at least 20 of these calls (and perhaps many more) contained a prerecorded message transcribed as follows:

> This is a message from Synchrony Bank regarding Amazon.com store card. Please return our call to 1-866-771-1104. For faster service, visit our website at www.syncbank.com/amazon. Our mailing address is 170 West Election Road, Suite 125, Draper, Utah, 84020. Again, please call 1-866-771-1104. This is a recording. Thank you.

23. Plaintiff never gave his express consent to Defendant for any of the autodialed or prerecorded calls to his cellular telephone.

24. Furthermore, on May 2, 2015, Plaintiff explicitly revoked any consent Defendant may have believed it had to call Plaintiff's cellular telephone.

25. Plaintiff has suffered actual damages as a result of the Defendant's telephone calls, including, but not limited to, device storage and data usage.

26. Furthermore, as a direct consequence of the Defendant's conduct, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

27. Plaintiff is entitled to statutory damages, actual damages, and punitive damages.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. Defendant placed repeated calls to Plaintiff on his cellular telephone.

30. These calls all used an automatic telephone dialing system, and many used an artificial or prerecorded voice.

31. Plaintiff did not consent to Defendant placing such calls to his cellular telephone.

32. Furthermore, even if he had, Plaintiff told Defendant to stop calling, revoking his consent, yet Defendant continued to place these autodialed and/or prerecorded telephone calls to Plaintiff's cellular telephone.

33. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Invasion of Privacy/Intrusion Upon Seclusion

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Separate and apart from Defendant's TCPA violations, Defendant's conduct of calling Plaintiff over 200 times in a two-month period, including mornings, nights, weekends, and holidays, constituted an unreasonable intrusion upon Plaintiff's seclusion.

38. These telephone calls were repeated with such persistence and frequency as to amount to a course of hounding and harassing Plaintiff.

39. As a result, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

40. Plaintiff is therefore entitled to an award of actual damages.

41. Plaintiff is also entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zachary Sims prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.*;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award statutory damages;

D. An award of actual damages;

E. An award of punitive damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 15, 2015

/s/ Jeremy M. Glapion
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive, Suite 102
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com